FILED
FEB 25 2021
Clerk, U.S District Court
District Of Montana
Great Falls

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR 19-68-GF-BMM-JTJ |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| JAKOYA JADE OATS, | |
| Defendant. | |

## I. Synopsis

Defendant Jakoya Jade Oats (Oats) has been accused of violating the conditions of his supervised release. Oats admitted alleged violations 1, 2, 4, 6, 7, 8, 9, 10, 11, 12 and 13. Oats denied alleged violations 3 and 5. The government did not prove alleged violations 3 and 5. Oats's supervised release should be revoked. Oats should be placed in custody for 18 months, with 18 months of supervised release to follow. Oats should receive credit for time served since October 4, 2020. Oats should serve the first 180 days of supervised release in a residential re-entry center, as directed by his probation officer.

## II. Status

Oats pleaded guilty to being a Prohibited Person in Possession of a Firearm

on December 17, 2019. (Doc. 20). The Court sentenced Oats to 12 months of custody, followed by 3 years of supervised release. (Doc. 31). Oats's current term of supervised release began on May 22, 2020. (Doc. 47 at 1).

**Petition**

The United States Probation Office filed a Third Amended Petition on January 27, 2021, requesting that the Court revoke Oats's supervised release. (Doc. 47). The Third Amended Petition alleged that Oats had violated the conditions of his supervised release: 1) by failing to report for substance abuse testing on two separate occasions; 2) by knowingly associating with a convicted felon without the prior approval of his probation officer; 3) by failing to notify his probation officer of a contact with law enforcement; 4) by consuming alcohol; 5) by failing to notify his probation officer of a change in residence; 6) by using methamphetamine and marijuana; 7) by failing to report to his probation officer as directed; 8) by failing to reside at the residence approved by his probation officer; 9) by failing to schedule substance abuse treatment; and 10) by committing another crime.

**Initial appearance**

Oats appeared before the undersigned for his initial appearance on the Third Amended Petition on February 23, 2021. Oats was represented by counsel. Oats

stated that he had read the petition and that he understood the allegations. Oats waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on February 23, 2021. Oats admitted that he had violated the conditions of his supervised release: 1) by failing to report for substance abuse testing on two separate occasions; 2) by failing to notify his probation officer of a contact with law enforcement; 3) by failing to notify his probation officer of a change in residence; 4) by using methamphetamine and marijuana; 5) by failing to reside at the residence approved by his probation officer; 6) by failing to schedule substance abuse treatment; and 7) by committing another crime. The violations that Oats admitted are serious and warrant revocation of his supervised release.

Oats's violations are Grade A violations. Oats's criminal history category is III. Oats's underlying offense is a Class C felony. Oats could be incarcerated for up to 24 months. Oats could be ordered to remain on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 18 to 24 months.

## III. Analysis

Oats's supervised release should be revoked. Oats should be incarcerated for 18 months, with 18 months of supervised release to follow. This sentence is sufficient but not greater than necessary. Oats should receive credit for time served since October 4, 2020. Oats should serve the first 180 days of supervised release in a residential re-entry center, as directed by his probation officer.

## IV. Conclusion

The Court informed Oats that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Oats of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Oats that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That Jakoya Jade Oats violated the conditions of his supervised release: by failing to report for substance abuse testing on two separate occasions; by failing to notify his probation officer of a contact with law enforcement; by failing to notify his probation officer of a change in residence; by using methamphetamine and marijuana; by failing to reside at the residence approved by his probation officer; by failing to schedule substance abuse treatment; and by committing another crime.

The Court **RECOMMENDS:**

That the District Court revoke Oats's supervised release and commit Oats to the custody of the United States Bureau of Prisons for 18 months, with 18 months of supervised release to follow. Oats should receive credit for time served since October 4, 2020. Oats should serve the first 180 days of supervised release in a residential re-entry center, as directed by his probation officer.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 25th day of February, 2021.

John Johnston
United States Magistrate Judge