# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 19-68-GF-BMM-JTJ |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| JAKOYA JADE OATS, | |
| Defendant. | |

## I. Synopsis

Defendant Jakoya Jade Oats (Oats) has been accused of violating the conditions of his supervised release. Oats admitted the alleged violation. Oats's supervised release should be revoked. Oats should be placed in custody for 3 months, with 15 months of supervised release to follow. Oats should serve the first 90 days of supervised release under home confinement. Oats should be restricted to his residence at all times except for activities pre-approved by the United States Probation Office.

## II. Status

Oats pleaded guilty to being a Prohibited Person in Possession of a Firearm on December 17, 2019. (Doc. 20). The Court sentenced Oats to 12 months of

custody, followed by 3 years of supervised release. (Doc. 31). Oats's current term of supervised release began on February 15, 2022. (Doc. 57 at 2).

**Petition**

The United States Probation Office filed a Petition on June 13, 2022, requesting that the Court revoke Oats's supervised release. (Doc. 57). The Petition alleged that Oats had violated the conditions of his supervised release by failing to complete his 180-day term at the Great Falls Residential Reentry Center.

**Initial appearance**

Oats appeared before the undersigned for his initial appearance on June 21, 2022. Oats was represented by counsel. Oats stated that he had read the petition and that he understood the allegations. Oats waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on June 21, 2022. Oats admitted that he had violated the conditions of his supervised release by failing to complete his 180-day term at the Great Falls Residential Reentry Center. The violation is serious and warrants revocation of his supervised release.

Oats's violation is a Grade C violation. Oats's criminal history category is

III. Oats's underlying offense is a Class C felony. Oats could be incarcerated for up to 24 months. Oats could be ordered to remain on supervised release for up to 18 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 5 to 11 months.

### III. Analysis

Oats's supervised release should be revoked. Oats should be incarcerated for 3 months, with 15 months of supervised release to follow. Oats should serve the first 90 days of supervised release under home confinement. Oats should be restricted to his residence at all times except for activities pre-approved by the United States Probation Office. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Oats that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Oats of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Oats that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

That Jakoya Jade Oats violated the conditions of his supervised release by failing to complete his 180-day term at the Great Falls Residential Reentry Center.

The Court **RECOMMENDS:**

That the District Court revoke Oats's supervised release and commit Oats to the custody of the United States Bureau of Prisons for 3 months, with 15 months of supervised release to follow. Oats should serve the first 90 days of supervised release under home confinement. Oats should be restricted to his residence at all times except for activities pre-approved by the United States Probation Office.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court

judge.

DATED this 22nd day of June, 2022.

/s/ John Johnston
John Johnston
United States Magistrate Judge